IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK MCGUIGAN   :  CIVIL ACTION
    v.      :
         :
DARDEN, et al.    :  NO.  11-6563

## **MEMORANDUM AND ORDER**

ELIZABETH T. HEY, M.J.         March 13, 2012

   In this action, Plaintiff Patrick McGuigan ("Plaintiff") seeks damages for injuries sustained as a result of an allegedly defective wineglass while working as a bartender at a Longhorn Steakhouse in Kissimmee, Florida.  Plaintiff commenced suit in the Court of Common Pleas of Philadelphia County against multiple defendants that can be divided into three groups – (1) the Cardinal Defendants, (2) the Darden Defendants, and (3) the ARC Defendants (collectively "Defendants").[1]  On October 20, 2011, the Cardinal Defendants filed a notice of removal in this court.  See Doc. 1.  Presently before the court is Plaintiff's petition to remand this matter to state court (Doc. 8), the Cardinal and ARC Defendants' responses thereto, including their motion for leave to file an amended notice of removal (Doc. 11 & 12), and Plaintiff's response in opposition to Defendants' motion

---

   [1]The Cardinal Defendants include Cardinal a/k/a Cardinal Glass Company; Cardinal International; Cardinal Glassware, Inc.; and Cardinal Glassware Corp.  The Darden Defendants include Darden Restaurant, Inc; Darden Corporation; Darden Restaurants of PA Merger Corporation; Longhorn Steakhouse; and Rare Hospitality International, Inc f/k/a Longhorn Steakhouse.  The ARC Defendants include ARCOROC a/k/a ARCOROC Professional; ARC International; ARC International North America; and ARC International B2B.

(Doc. 13).  For the reasons set forth herein, I will grant Plaintiff's motion to remand and deny Defendants' motion for leave to file an amended notice of removal.[2]

## I.      PROCEDURAL HISTORY

On September 2, 2011, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County against Defendants.  The ARC Defendants were served Plaintiff's summons and complaint by September 12, 2011, the Darden Defendants by September 13, 2011, and the Cardinal Defendants by September 21, 2011.  See Proofs of Service, Doc. 8 Exhs. 2-4.

On October 20, 2011, the Cardinal Defendants filed a notice of removal averring that removal is appropriate under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, and is between citizens of different states.  See Doc. 1. While the removal notice asserted that no defendants objected to remand, neither the Darden nor ARC Defendants filed a written consent to removal with the court, nor did they file their own notices of removal within 30 days of service of the last-served defendant.  Counsel for the Cardinal Defendants, which filed the notice of removal, also represents the ARC Defendants and has represented to the court that the ARC Defendants consented to the removal of this action.  See Doc. 11 ¶ 42.  Counsel for the Darden Defendants sent an e-mail to counsel for the Cardinal and ARC Defendants dated October

---

[2]The Honorable William H. Yohn, Jr., referred the matter to me upon the consent of the parties.  See Docs. 10, 17.

2

19, 2011, consenting to the removal, but the correspondence was neither filed with the notice of removal, nor separately.  See Doc. 11 Exh. 1.

On November 16, 2011, Plaintiff filed a Petition to Remand, arguing that this matter should be remanded because Defendants' notice of removal fails to establish federal diversity jurisdiction, and because not all of the Defendants joined in or consented to the removal as required.  See Doc. 8.  On November 29, 2011, the ARC and Cardinal Defendants filed essentially identical responses to the motion, as well as new matter in the nature of a motion for leave to file an amended notice of removal.  See Docs. 11 & 12. On December 2, 2011, Plaintiff filed a response in opposition to Defendants' motion for leave to file an amended notice of removal.  See Doc. 13.  The matter is ripe for disposition.

## II.   **DISCUSSION**

Motions for remand are governed by 28 U.S.C. § 1447, which requires that motions "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]"  28 U.S.C. § 1447(c). "[C]ases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  There is no question that Plaintiff's motion for remand is timely and that it alleges defects in the notice of removal.  Therefore, it is necessary to

consider whether the notice of removal contains defects and, if so, whether the defects mandate remand of this matter to the state courts.

Under the relevant removal provisions, a state court action may be removed by the defendant to the district court having original jurisdiction and embracing the place where such action is pending within 30 days after the service of summons upon the last-served defendant. 28 U.S.C. §§ 1441(a), 1446(b)(1), 2(C). Defendants allege that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, which provides that a district court has jurisdiction over a civil action if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order to remove a case where jurisdiction is predicated upon section 1332, diversity jurisdiction must be alleged at the time the complaint is filed and at the time of removal. Gargiulo v. Dessauer, 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004) (Schiller, J.) (citing Ellerbee v. Union Zinc, Inc., 881 F.Supp. 162, 164 (E.D. Pa. 1995)). "A defendant seeking removal bears the burden of proving federal jurisdiction." See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999). Section 1446 further requires that all defendants "must join in or consent to the removal" of the action within 30 days of service of the complaint. 28 U.S.C. § 1446(b)(2)(A), (B). "The 'unanimity of consent' rule is satisfied where there is 'some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.'" Ellerbee,

4

881 F.Supp. 162, 164 (quoting <u>Ogletree v. Barnes</u>, 851 F.Supp. 184, 188 (E.D. Pa. 1994)).

I will first address Plaintiff's argument that this matter should be remanded because the notice of removal fails to establish federal diversity jurisdiction.  <u>See</u> Doc. 8 at 8-10.  In support of its motion for remand, Plaintiff correctly sets forth the requirements for diversity jurisdiction, including that a party "must set forth with specificity a corporate party's state of incorporation and its principal place of business." <u>Id.</u> at 9 ¶ 33 (citations omitted).  Plaintiff also correctly notes that the Cardinal Defendants' notice of removal fails to set forth any of the corporate parties' states of incorporation or principal places of business.  <u>Id.</u> at 9 ¶ 34.

Importantly, Plaintiff does not challenge the existence of diversity, but merely argues that the notice of removal is defective in its technical pleading of diversity.  In such circumstances, "[t]he court may look to the complaint and other items in the record to find the requisite jurisdictional allegations."  <u>Ellerbee</u>, 881 F.Supp. at 164 (citing <u>Perks v. Firestone Tire & Rubber Co.</u>, 611 F.2d 1363, 1366 n.11 (3d Cir. 1979) (looking to complaint and removal petition for diversity allegations); <u>Castner v. Exxon Co.</u>, 563 F.Supp. 684, 688 (E.D. Pa. 1983) (same).  Here, diversity can be established by looking at the complaint, in which Plaintiff set forth Defendants' states of citizenship and principal places of business.  <u>See</u> Complaint, attached to Doc. 1 Exh. A, at ¶¶ at 3-47.  "[W]here, as here, the existence of diversity jurisdiction is not contested and allegations of the

parties' diverse citizenship are contained in other documents in the record, the court may deem 'technical' pleading deficiencies in the removal notice's jurisdictional allegations and may allow the removing party to cure them by amendment."  Ellerbee, 881 F.Supp. at 165 (citing Stellwagen v. Chemlawn Servs. Corp., 92-6437, 1993 WL 9025, at *2 (E.D. Pa. Jan. 11, 1993) (allowing curative amendment to jurisdictional allegations in notice of removal where plaintiff did not deny diversity)).  Under the circumstances, I find Defendants' jurisdictional allegations to be technically deficient and will not grant remand on this basis.

Plaintiff also argues that this matter should be remanded because the ARC and Darden Defendants did not join or consent to removal, thus rendering the notice of removal defective.  See Doc. 8 at 4-7.  The 30-day limitation for filing, joining or consenting to a notice of removal "is mandatory and the court is without discretion to expand it."  Collins v. American Red Cross, 724 F.Supp. 353, 359 (E.D. Pa. 1989).  "All defendants to an action must expressly, officially and unambiguously consent to join in a notice of removal to federal court."  Morganti v. Armstrong, 00-6343, 2001 WL 283135, at *4 (E.D. Pa. Mar. 19, 2001) (Reed, J.); see also Green v. Target Stores, Inc., 305 F.Supp.2d 448, 451 (E.D. Pa. 2004) ("Although there is evidence that [defendant] may have in fact consented to the removal in correspondence . . ., it's failure to file an official notice with the court makes the removal procedure defective.").  Moreover, a "defendant's failure to properly join the notice of removal is a fundamental defect that

may not be cured after the expiration of the thirty day period." <u>Morganti</u>, 2001 WL 283135, at *3.

Here, there is no question that the Darden and ARC Defendants failed to file written consents to removal with the court, nor did they file their own notices of removal within 30 days of service of the last-served defendant.  Defendants concede that removal was defective in this regard, but argue that the defect is merely technical and can be remedied by filing an amended notice of approval.  I disagree.  None of the cases cited by Defendants (<u>see</u> Doc. 11 ¶ 18) stand for the proposition that the failure to manifest unanimous consent amounts to a technical, rather than a fundamental, defect.  Moreover, the arguments for excusing Darden and ARC Defendants' failure to file documents evincing their consent to removal are unpersuasive.  First, Defendants note that counsel for the Darden Defendants sent counsel for the Cardinal Defendants an e-mail dated October 19, 2011, consenting to the Cardinal Defendants' notice of removal, which was filed the next day.  <u>See</u> Doc. 11 Exh. 1.  However, counsel for the Cardinal Defendants did not attach the e-mail as an exhibit to the notice of removal, nor was Darden Defendants' consent otherwise manifested by a filing with the court, as required.[3] Second, counsel for the Cardinal Defendants, which filed the notice of removal, argues

---

[3]Attached to Defendants' proposed amended notice of removal is counsel for the Darden Defendants' stipulation in which he confirms the October 19, 2011 e-mail consenting to removal of the case, and confirms his agreement to removal and the amended notice of removal.  <u>See</u> Doc. 11-3 Exh. B.

that because he has also represented the ARC Defendants at all relevant times hereto, he had specific authority to make representations on behalf of the ARC Defendants, and has represented to the court that the ARC Defendants also timely consented to the removal of this action.  See Doc. 11  ¶¶ 21, 42.  While this may be true, it does not change the fact that the ARC Defendants failed to manifest their consent to removal by filing anything with the court.[4]

Given the mandatory nature of the rule of unanimity, I find that Defendants' failure to manifest their unanimous consent to removal with the court amounts to a fundamental, rather than a technical, defect in the removal procedure.  Therefore, I conclude that Plaintiff's motion to remand must be granted.

## III.   **CONCLUSION**

Defendants' notice of removal failed to comport with all the requirements of the removal statute, particularly the mandatory requirement that all defendants file their consent to removal with the court.  This defect is fundamental and not technical and therefore cannot be remedied by filing an amended notice of removal.  Thus, I will grant Plaintiff's petition for remand and deny the Cardinal and ARC Defendants' motion for leave to file an amended notice of removal.   An appropriate order follows.

---

[4]The remand notice contained an assertion that "No defendant objects to this removal."  Doc. 1 ¶ 10.  Defendants do not rely on this assertion to satisfy section 1446(b)(2)(A), and it does not purport to be a formal assertion on the other Defendants' behalf.